UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERWED ANN NOEL,

    Plaintiff,

v.

    Case No. 19-11493
    Honorable Victoria A. Roberts

CARITE OF GARDEN CITY, LANG
AUTOMOTIVE, INC., CARITE, INC.,
CARITE CORPORATE, LLC, KEITH
LANG, and DANNY MCDONALD,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR SANCTIONS [ECF No. 22]**

    **I.    INTRODUCTION**

Sherwed Ann Noel ("Noel") brings this action against CARite of Garden City; Lang Automotive, Inc.; CARite, Inc.; CARite Corporate, LLC; Keith Lang; and Danny McDonald. Noel says that when employed at CARite of Garden City, she was the victim of race and sex discrimination, a hostile workplace, retaliation, and unlawful retaliatory discharge. Noel seeks damages under the Civil Rights Act of 1866 (42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e), the Michigan Elliot-Larsen

1

Civil Rights Act (Mich. Comp. Laws § 37.1101 *et. seq*), and the common law of Michigan. Oral argument was held on January 29, 2020.

CARite Inc. and CARite Corporate, LLC (collectively, "CARite") move to dismiss under Federal Rule of Civil Procedure 12(b)(6); CARite says Noel's claims are barred by res judicata because the Court already dismissed identical claims, [*See* ECF No. 14, PageID.234], and Noel makes no new allegations to show that CARite was her employer – a prerequisite under each of Noel's causes of action.

For the following reasons, the Court **GRANTS** CARite's motion to dismiss and **DENIES** the motion for sanctions.

## II. BACKGROUND

Noel, an African American female, began working at CARite of Garden City in 2010 as a salesperson. Under the CARite Dealership Agreement, CARite granted Keith Lang and Lang Automotive, Inc. a license to use its brand name at Lang's dealership. Noel says that she was the only African-American working at CARite of Garden City at the times relevant to her claims.

Noel says that Danny McDonald—one of her co-workers—repeatedly called her a nigger over the course of two years. Noel says that, on several occasions, McDonald called her a nigger in front of Keith Lang, their boss,

and Kenneth Barnes, the dealership general manager. Noel further alleges that although Lang and Barnes were aware of these derogatory remarks and received numerous complaints, they failed to discipline McDonald. Noel says that she made more than five complaints to management during 2017 and 2018 until they terminated her on April 12, 2018.

Noel says that her attorney served Lang with a letter on April 12, 2018; the letter notified Lang of Noel's intent to sue for violations of her civil rights under Title VII of the Civil Rights Act of 1964 and the Elliott-Larsen Civil Rights Act. Noel says that Lang fired her in response.

Noel filed her First Amended Complaint [ECF No. 8] on May 23, 2019. CARite moved to dismiss, alleging that it was not Noel's employer. [ECF No. 9] This Court granted the motion, finding that Noel did not allege sufficient facts to show that CARite was her employer. [ECF No. 14]

Noel filed a Second Amended Complaint. [ECF No. 21]. The Second Amended Complaint is nearly identical to the dismissed First Amended Complaint. Noel filed this complaint after discovering a Zurich insurance policy that provided liability coverage for CARite Holdings, LLC. However, Noel did not attach or make reference to the insurance policy in her Second Amended Complaint.

CARite again moves to dismiss and requests sanctions. [ECF No. 22].

3

## III. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) allows for dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, 'to establish a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. The defenses of res judicata and collateral estoppel may be raised in a motion to dismiss pursuant to 12(b)(6). *See, e.g., Daubenmire v. City of Columbus,* 507 F.3d 383, 389–90 (6th Cir.2007) (affirming the district court's decision dismissing the complaint pursuant to Rule 12(b)(6) because res judicata barred the claims).

## IV. DISCUSSION

CARite argues that the insurance policy issued to CARite Holdings, LLC is immaterial to the issue of its liability, and contends that Noel's claims

4

are barred by res judicata. Noel argues her Second Amended Complaint includes new allegations which address the deficiencies of the dismissed complaint. However, no new allegations are in the Second Amended Complaint which suggest an employment relationship between CARite and Noel.

### A. Noel Insufficiently Pled Her Claims

CARite argues that Noel's claims are not sufficiently pled, and the insurance policy is a "red herring" and "immaterial" to its potential liability. Noel says the policy exposes CARite to liability because CARite filed a claim under the policy when served with her lawsuit. Noel says CARite could potentially be liable for payment. The parties dispute the relevance of the insurance policy.

During a hearing on January 29, 2020, CARite's counsel did not know if coverage for CARite was triggered by Noel's allegations. The Court ordered CARite to submit a supplemental brief addressing whether there would be coverage under an insurance policy issued to CARite Holdings, LLC – not a party to this action – if any named defendant was found liable, and whether a lawsuit against a third party could trigger a payment to Noel.

The CARite policy provides coverage for "Employment Practices and Third-Party Discrimination Liability Coverage." It covers claims brought by a

5

"present, past or future prospective employee" … for "employment related torts including without limitation; wrongful termination" … resulting from "workplace harassment." The policy states that "the Underwriter shall pay on behalf of the 'insureds' all 'loss' for which the 'insureds' become legally obligated to pay of any 'wrongful act' to which this insurance applies." [ECF No. 24-3, PageID. 389]. The insured is CARite Holdings, LLC. Presumably, CARite tendered defense of Noel's claim to Zurich because it believes itself to be a third party under the terms of the policy. But, the parties do not address that issue or discuss the relationship between the various CARite entities.

Nonetheless, the language of the contract is clear: for any loss that CARite Holdings, LLC is found legally obligated to pay, its insurer has a duty to indemnify it. This includes any "wrongful act" – as defined in the policy – committed by a third party.

There is nothing in the insurance policy that suggests an employment relationship between CARite and Noel. It only suggests that indemnity coverage could be triggered if liability is established against one of the named insureds, which does not include CARite, Inc. *See Zurich Insurance Company v. Rombough*, 384 Mich. 228, 180 N.W.2d 775 (1970) (duty to defend is severable from and not dependent upon the duty to indemnify). An

insurer's obligation to pay indemnity is separate and distinct from its duty to defend. *Stockdale v. Jamison*, 416 Mich. 217, 330 N.W.2d 389 (1982).

Noel argues that CARite should remain in this case simply because CARite Holdings, LLC and Zurich may be liable to indemnify for losses. This argument is without merit and confuses the duty to defend, the duty to indemnify, and liability for alleged wrongful acts.

### B. Res Judicata

CARite alleges all four elements of *res judicata* are met because Noel's Second Amended Complaint is nearly identical to her original First Amended Complaint. Noel alleges her claims are not barred by *res judicata*. In the alternative, Noel states the wrongful concealment defense prevents her claims from being barred by *res judicta*.

Res judicata prevents parties from relitigating an issue after the Court has issued a decision on the merits. *Montana v. U.S.*, 440 U.S. 147, 153 (1979). For res judicata to apply, the following elements must be met:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009), *citing Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir.1997).

Because the Court finds that Noel insufficiently pled her claims again, the Court need not address whether her claims are barred by *res judicata*.

**C. Sanctions**

CARite asks the Court to sanction Noel in the amount of $10,000 for filing a frivolous and duplicative claim. Noel argues CARite is not entitled to sanctions because the Court authorized Noel to amend her complaint and add CARite back into this case after investigating an insurance policy.

The Court can sanction:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The statute applies "without a finding of bad faith, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (citation omitted). Sanctions serve both to compensate the opposing party and as deterrents against future frivolous

filings. *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

CARite did not make the necessary showing that the Second Amended Complaint justifies an award of attorney's fees. CARite does not acknowledge the Court's order that allowed Noel to add CARite back into the case. In the Court's view, Noel is not pursuing a meritless cause of action, or suing for an improper purpose. *See Big Yank Corp. v. Liberty Mut. Fire Ins.,* 125 F.3d 308 (6th Cir. 1997).

## V. CONCLUSION

For the reasons stated on the record and above, the Court **GRANTS** CARite's motion to dismiss and **DENIES** the motion for sanctions.

**IT IS ORDERED**.

                                        S/ Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated: March 19, 2020